T.C. Memo. 1997-293

UNITED STATES TAX COURT

DIETER STUSSY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17423-95.                     Filed June 26, 1997.

Dieter Stussy, pro se.

<u>Daniel M. Whitley</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Dieter Stussy petitioned the Court to redetermine respondent's determinations concerning his 1992

through 1994 taxable years.  Respondent determined the following income tax deficiencies and penalties for those years:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|-----------|
| 1992 | $8,316 | $1,663 |
| 1993 | 8,014 | 1,603 |
| 1994 | 3,011 | 602 |

The primary issue we must decide is whether petitioner is entitled to the charitable contribution carryovers that he reported for the subject years.  We hold he is not.  We also decide whether petitioner is liable for the penalties determined by respondent under section 6662(a).  We hold he is not.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and exhibits submitted therewith are incorporated herein by this reference.[1]  Petitioner resided in Los Angeles, California, when he petitioned the Court.  He filed 1992, 1993, and 1994 Federal income tax returns and a 1992 amended return.  His 1992 amended return, 1993 return, and 1994

_____

[1] Petitioner submitted some documents with his brief that he claims were omitted from the stipulated exhibits.  We have not relied on these documents.  See West 80 Street Garage Co. v. Commissioner, 12 B.T.A. 798, 800 (1928); see also Saunders v. Commissioner, T.C. Memo. 1992-361, and the cases cited therein.

return showed charitable contribution carryover deductions of $33,102, $37,783 and $26,154, respectively, and contained schedules detailing these deductions. Respondent disallowed these deductions, determining that they did not reflect contributions paid by petitioner. Respondent reflected that determination in a notice of deficiency issued to petitioner on July 17, 1995.

Petitioner is the only child of Jan Stussy (Mr. Stussy). On October 30, 1989, Mr. Stussy transferred his residence (the Residence) in Los Angeles, California, to the Stussy Family Trust (the Trust). The Trust was a grantor trust, of which Mr. Stussy was the trustor and trustee, and its assets included Mr. Stussy's paintings, drawings, photographs, and books on art (collectively, the Artwork). The Trust document provided that, upon Mr. Stussy's death, the Artwork would pass to a stated foundation in New York, New York, and that the residue would pass to petitioner.

Mr. Stussy amended the Trust twice, once on April 30, 1990, and a second time on May 10, 1990. He amended the Trust the first time to provide that the Artwork and certain pension benefits would pass at his death to a charitable organization named the Jan Stussy Foundation (the Foundation). Contemporaneously with this amendment, Mr. Stussy signed a license under which he gave the Foundation the exclusive right to use four unconnected rooms (collectively, the Rooms) in the

Residence for as long as the Foundation desired. Mr. Stussy amended the Trust the second time to provide that certain investments, as well as the pension benefits and the Artwork, would pass to the Foundation upon his death, and to name this provision "CHARITABLE GIFT".

Mr. Stussy died on July 31, 1990. Until that time, he resided at the Residence and was the only person entitled to receive distributions of income or principal from the Trust. Petitioner inherited the Residence upon Mr. Stussy's death.

Mr. Stussy's estate filed Mr. Stussy's 1990 Federal income tax return, including an amendment thereto (collectively, the Return). The Return claimed a charitable contribution of $262,697, based on the transfer of the Rooms to the Foundation. This contribution is the subject of the carryovers at issue herein.

OPINION

Respondent determined that petitioner may not deduct the amounts that he reported as charitable contribution carryovers. Respondent argues primarily that Mr. Stussy, if anyone, was entitled to a charitable contribution deduction for the transfer of the Rooms to the Foundation and that any unused carryover that remained at his death expired upon his death. Petitioner argues that the unused charitable contribution at the time of Mr. Stussy's death passed to petitioner because the Trust, although a grantor trust upon formation, changed into a

split-interest trust upon its first amendment.  Petitioner

contends that the Trust was a split-interest trust at the time of

the contribution, which, in turn, according to his argument,

means that the tax benefit of the Trust's charitable contribution

passed through to him.

We agree with respondent.[2]  Deductions are a matter of

legislative grace, INDOPCO, Inc. v. Commissioner, 503 U.S. 79,

84 (1992), and petitioner must establish his entitlement to

deduct the charitable contributions at issue herein, Rule 142(a);

New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Although section 170 generally allows a taxpayer to deduct

charitable contributions, such an allowance is subject to certain

limitations.  One of these limitations is that the taxpayer must

have made the contribution.  Herring v. Commissioner, 66 T.C.

308, 312 (1976); see Manning v. Commissioner, T.C. Memo.

1993-127; see also Wilson v. Commissioner, a Memorandum Opinion

of this Court dated Feb. 21, 1952.  Petitioner did not make the

_____

[2] At the outset, we note that petitioner argues that the
period of limitation under sec. 6501 has expired on the instant
years.  We disagree.  The notice of deficiency was issued on
July 17, 1995, which is within the 3-year period set forth in
sec. 6501(a).  Although the charitable contribution from which
the carryover arose was outside of this 3-year period, sec. 6501
does not foreclose the Court from looking to a closed year to
redetermine petitioner's tax liability for the instant years.
See Barenholtz v. United States, 784 F.2d 375, 380-381 (Fed. Cir.
1986); see also Angell v. Commissioner, T.C. Memo. 1986-528,
affd. without published opinion 861 F.2d 723 (7th Cir. 1988).

subject contribution. Mr. Stussy made the contribution through the Trust, which was a grantor trust at that time.

Even if it later became a split-interest trust, petitioner would not be entitled to the charitable deduction carryovers in question. As the Trust's grantor, the Code required Mr. Stussy to report its tax attributes, see sec. 671; see also sec. 1.671-2(c), Income Tax Regs., one of which pertained to the charitable contribution. It is undisputed that the Code gave Mr. Stussy the right to deduct the charitable contribution subject to the percentage limitations set forth in section 170(b). See sec. 170(a) and (b). To the extent that these limitations prevented Mr. Stussy from deducting currently any part of the contribution, which they did, the Code gave Mr. Stussy the right to carry over the excess for up to 5 years. See sec. 170(d)(1). The Code did not give petitioner the right personally to use the excess that remained upon Mr. Stussy's death. See also sec. 1.170A-10(d)(4)(iii), Income Tax Regs. (taxpayer not entitled to deduct the excess charitable contributions of his or her deceased spouse). We conclude that petitioner is not entitled to deduct the carryovers. We hold for respondent on this issue.

Respondent also determined that petitioner was liable for an accuracy-related penalty under section 6662(a) for each year because he substantially understated his 1992 and 1993 income tax, see sec. 6662(d), and his 1994 understatement was due to negligence or disregard of rules and regulations, see sec.

6662(c).  As applicable herein, section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to negligence or substantial understatement.  Petitioner must prove that respondent erred in determining that the accuracy-related penalty applies to the instant years.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

For 1992 and 1993, the accuracy-related penalty was inapplicable if petitioner's understatement did not exceed the greater of 10 percent of the tax required to be shown on the return or $5,000.  See sec. 6662(d)(1).  For this purpose, an amount was not understated to the extent it was based on substantial authority or adequately disclosed in the return or in a statement attached to the return.  Sec. 6662(d)(2)(B).  The accuracy-related penalty was inapplicable for 1994 if petitioner was not negligent, i.e., he made a reasonable attempt to comply with the Code, and was not careless, reckless, or in intentional disregard of rules or regulations.[3]  Sec. 6662(c).

We find that petitioner was not subject to an accuracy-related penalty in any of the years.  Petitioner's tax returns

---

[3] Negligence has also been defined as a lack of due care or a failure to do what a reasonable and prudent person would do under similar circumstances.  Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989).

disclosed adequately the relevant facts of his treatment of the charitable contribution carryovers in each of the years.  We also believe that petitioner made a reasonable attempt to comply with the provisions of the Code, and that he was not careless, reckless, or in intentional disregard of rules or regulations. We hold for petitioner on this issue.

In reaching our holdings herein, we have considered all arguments made by the parties for contrary holdings and, to the extent not discussed above, find them to be irrelevant or without merit.

To reflect a concession by respondent,

<u>Decision will be entered under Rule 155</u>.