T.C. Memo. 2003-232

UNITED STATES TAX COURT

DIETER STUSSY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4088-02.                    Filed August 4, 2003.

Dieter Stussy, pro se.

<u>Angelique M. Neal</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine a $2,983 deficiency in his 1998 Federal income tax.  Following concessions by respondent, we are left to decide:

1.  Whether petitioner may deduct interest paid on his personal income tax liability.  We hold he may not.

2. Whether petitioner may deduct charitable contributions claimed for expenditures made to his personal residence which were allocable to space used exclusively by a section 501(c)(3) organization named the Jan Stussy Foundation (Foundation). We hold he may not.

3. Whether petitioner may deduct at the standard mileage rate his automobile expenses connected to the determination of his personal income tax liability. We hold he may.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded.

FINDINGS OF FACT

Some facts were stipulated. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. We find the stipulated facts accordingly. Petitioner resided in Los Angeles, California, when his petition was filed.

During 1998, petitioner resided in a single family residence (residence). The residence measured 2,085 square feet and was titled in the name of the Stussy Family Trust (Trust). Petitioner's father, Jan Stussy (Dean Stussy), was the Trust's beneficial owner up until his death on July 31, 1990. Dean Stussy was an active professional painter, and he was the Dean of

the School of Art at the University of California at Los Angeles.[1]  Dean Stussy resided in the residence until his death.

The Foundation is a section 501(c)(3) organization that was formed in 1990.  The Foundation is responsible for storing, cataloging, and selling the paintings and other artwork of Dean Stussy (collectively, Dean Stussy artwork).  The Foundation began storing the Dean Stussy artwork at the residence at or about the time the Foundation was formed and continued to store the Dean Stussy artwork there throughout the subject year.  The Dean Stussy artwork stored at the residence included approximately 100 pieces which measured 4 feet by 8 feet and approximately 1,000 pieces which measured 4 feet by 4 feet.  The Foundation valued its Dean Stussy artwork at $820,934 as of December 31, 1998.

Pursuant to a "Deed of Gift and License" dated April 30, 1990, Dean Stussy made two gifts to the Foundation.  The first gift was the Dean Stussy artwork.  The second gift was a license to the exclusive use of four rooms (collectively, rooms) in the residence.  The rooms, none of which during the subject year were used by petitioner for personal purposes, totaled 900 square feet.  Petitioner was not entitled to collect from the Foundation any rent on the rooms, and the Foundation was liable for only the payment of insurance.

---

[1] Dean Stussy painted more than 7,000 paintings.

During 1998, petitioner paid the following expenses with respect to the residence:  Insurance of $841, utilities of $1,729, homeowner's association dues of $30, pest control of $478, and repairs and maintenance of $1,704 (to replace a water heater, to clear brush around the perimeter of the residence, and to repair the furnace).  Petitioner allocated these expenses to the Foundation using a percentage allocation and claimed a charitable contribution for the portion of the allocated expenses.  Petitioner did not receive any written acknowledgment from the Foundation for any contributions purportedly made to the Foundation by petitioner during 1998.  Nor did the Foundation report its receipt of any contributions during 1998.

During 1998, petitioner drove 275.1 miles for which he claims a miscellaneous itemized deduction at the standard mileage rate.  The breakdown of these miles was:  165.5 miles for petitioner's copying and filing of his personal Federal and State income tax returns, 82.7 miles for petitioner's meetings with Internal Revenue Service personnel related to the examination of his personal income tax returns, 14.5 miles for petitioner's trip to the Santa Monica law library, and 12.4 miles for petitioner's copying of a document entitled "Response to AG of IRS Investigation".

Petitioner's 1998 Federal income tax return included 2 Schedules C, Profit or Loss From Business.  One of these

schedules was for petitioner's return preparation business. This Schedule C reported $550 of gross receipts and a net loss of $20. The other Schedule C listed the proprietor as "D. Stussy, as successor per IRC section 691(b)" and reported that the proprietor's principal business activity was "Artist". This Schedule C reported no gross receipts and one expense. This expense, in the amount of $4,665, was Federal and State income tax deficiency interest paid as to petitioner's 1992 through 1995 personal income tax returns. Petitioner's income tax liabilities for 1992, 1993, and 1994 were determined by respondent on the basis of this Court's memorandum opinion in Stussy v. Commissioner, T.C. Memo. 1997-293.

                              OPINION

1.  Burden of Proof

     The parties dispute who bears the burden of proof. We need not and do not decide that issue. The record is sufficient for us to decide this case on its merits.

2.  Interest

     Petitioner claims as a sole proprietorship expense a deduction for interest that he paid with respect to his personal Federal and State income taxes. Petitioner recognizes that the Court of Appeals for the Ninth Circuit, the court to which this case is appealable, held in Redlark v. Commissioner, 141 F.3d 936 (9th Cir. 1998), revg. and remanding 106 T.C. 31 (1996), that

this type of interest is nondeductible personal interest under section 1.163-9T, Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987). Petitioner argues that section 1.163-9T, Temporary Income Tax Regs., supra, does not apply here (and, hence, neither does Redlark v. Commissioner, supra) in that, he claims, those regulations have expired under section 7805(e)(2).

We disagree with petitioner that the referenced regulations have expired under section 7805(e)(2). Whereas petitioner notes correctly that the regulations in section 1.163-9T, Temporary Income Tax Regs., supra, are temporary regulations and that section 7805(e)(2) provides that "Any temporary regulation shall expire within 3 years after the date of issuance of such regulation", petitioner fails to observe that section 7805(e)(2) applies only to regulations issued after November 20, 1988. Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6232(a), 102 Stat. 3734. Section 1.163-9T, Temporary Income Tax Regs., supra, was issued on December 22, 1987, approximately 11 months before the effective date of section 7805(e)(2). On the basis of Redlark v. Commissioner, supra, and, more recently, our opinion in Robinson v. Commissioner, 119 T.C. 44 (2002) (holding that this Court shall no longer follow our opinion in Redlark as to this issue), we sustain respondent's determination on this issue.

3. <u>Charitable Contributions</u>

Petitioner argues that the expenses connected to the residence are deductible as charitable contributions to the extent that they benefited the Foundation.  Respondent argues that petitioner may not deduct any of these expenses in that he does not have a written acknowledgment from the Foundation as to them.

We agree with respondent that none of the expenses are deductible given the absence of a written acknowledgment.  Under section 170(f)(8)(A), an individual taxpayer may deduct a contribution of $250 or more only if he or she substantiates the deduction with a contemporaneous written acknowledgment that meets the requirements of that section.  See also <u>Addis v. Commissioner</u>, 118 T.C. 528, 533-534 (2002).  That acknowledgment, which must be furnished by the donee organization, must state the amount of cash and describe other property contributed, indicate whether the donee organization provided any goods or services in consideration for the contribution, and provide a description and good faith estimate of the value of any goods or services provided by the donee organization.  Sec. 170(f)(8)(B); see also sec. 1.170A-13(f)(5), Income Tax Regs. (goods or services include cash, property, services, benefits, and privileges).  Given that petitioner does not have such a written acknowledgment from the Foundation as to the disputed expenses, we conclude that he is

precluded from deducting them.  See <u>Weyts v. Commissioner</u>, T.C. Memo. 2003-68.  A contrary conclusion would contravene the statutory text and the purpose of recordkeeping for contributions in excess of $250.

4.  <u>Mileage</u>

Petitioner argues that he may deduct as a miscellaneous itemized deduction an amount for the 275.1 miles that he drove during the year in connection with the determination of his personal income tax liabilities.  Respondent argues that all of this mileage is personal and, hence, nondeductible.  Respondent also argues that the mileage was not incurred either in connection with the determination, collection, or refund of a tax, or as an ordinary and necessary expense related to the determination, collection, or refund of a tax.  Yet, respondent does not dispute (and in fact has stipulated) that the 275.1 miles were driven for the purposes which we have described <u>supra</u> at p. 5.

We hold that petitioner may deduct all of the disputed mileage at the standard mileage rate.  Section 212(3) allows an individual to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year * * * in connection with the determination, collection, or refund of any tax."  The Treasury Department has interpreted this section as follows:

> Expenses paid or incurred by an individual in connection with the determination, collection, or

refund of any tax, whether the taxing authority be Federal, State, or municipal, and whether the tax be income, estate, gift, property, or any other tax, are deductible. Thus, expenses paid or incurred by a taxpayer for tax counsel or expenses paid or incurred in connection with the preparation of his tax returns or in connection with any proceedings involved in determining the extent of tax liability or in contesting his tax liability are deductible. [Sec. 1.212-1(l), Income Tax Regs.]

We find that all of the disputed mileage was an ordinary and necessary expense paid by petitioner during 1998 in connection with the determination of his Federal and State income taxes.[2] We conclude on the basis of this finding that the mileage is properly deductible as a miscellaneous itemized deduction under section 212(3). Whereas we agree with respondent that section 262 generally precludes any deduction for personal expenses, and that this mileage is all attributable to petitioner's personal income taxes, we also observe that the exception in section 212(3) for expenses of contesting tax liabilities was prescribed specifically by the Congress to allow taxpayers to deduct a

---

[2] Although the 165.5 miles which petitioner claims to have driven for the copying and filing of his personal income tax returns appear to be high considering that petitioner lived in a large metropolis, the parties have stipulated that petitioner incurred all of these miles for the "copying and filing of his personal federal and state income tax returns". Respondent does not claim that the amount of these miles is excessive.

personal expense that would otherwise be nondeductible.  United States v. Gilmore, 372 U.S. 39, 48 n.16 (1963).

Decision will be

entered under Rule 155.