T.C. Memo. 2004-156

UNITED STATES TAX COURT

JERRY L. HILL AND VALERIE J. HILL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7058-03.                    Filed June 30, 2004.

<u>Joe Alfred Izen, Jr.</u>, for petitioners.

<u>Huong Duong</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court to
redetermine a $130,260 deficiency in their 1999 Federal income
tax and a $26,052 accuracy-related penalty under section 6662(a).
Following concessions, including petitioners' concession that the
trust at hand (Re-Cap Trust) is disregarded for Federal income
tax purposes, we decide whether petitioners may deduct certain

amounts as charitable contributions.  We hold they may not.
We also decide whether petitioners are liable for the
accuracy-related penalty determined by respondent under section
6662(a).  We hold they are.  Unless otherwise noted, section
references are to the applicable versions of the Internal Revenue
Code.  Rule references are to the Tax Court Rules of Practice and
Procedure.

### FINDINGS OF FACT

Some facts were stipulated.  The stipulated facts and the
exhibits submitted therewith are incorporated herein by this
reference.  We find the stipulated facts accordingly.
Petitioners, husband and wife, resided in San Jose, California,
when their petition was filed.  They filed a joint 1999 Form
1040, U.S. Individual Income Tax Return.  That return reported
that petitioners' 1999 total income was $19,504 and that their
total tax for that year was $1,024.  That return reported that
their total income was attributable to (1) $19,365 of
compensation received by petitioner Jerry L. Hill (Hill) from
Re-Cap Trust and (2) $139 of tax-exempt interest.

Hill is a college-educated individual who has worked in
California for more than 2 decades as a real estate broker.  In
or about 1995, he attended some seminars promoting the use of
trusts to shelter his liability for Federal income taxes.  He
shortly thereafter formed Re-Cap Trust and transferred most if

not all of petitioners' personal assets to Re-Cap Trust. Neither Hill nor his wife had beforehand consulted a competent professional concerning the Federal income tax consequences of Re-Cap Trust.

As to the subject year, Re-Cap Trust filed a 1999 Form 1041, U.S. Income Tax Return for Estates and Trusts, that reported total income of $332,520 and total deductions of $330,818. With the exception of interest income of $435, the total income was all attributable to commissions for realtor services performed by Hill. The deductions claimed by Re-Cap Trust were in part for petitioners' personal expenses, including many of their personal living expenses. Re-Cap Trust reported on this Form 1041 that its 1999 total tax was $255.

Re-Cap Trust also claimed on that form a deduction for gifts and donations totaling $21,439. The record does not identify the individual amounts which go into the $21,439.[1] Nor does the record include a "written acknowledgment", sec. 170(f)(8), from any recipient who received a payment of $250 or more.

---

[1] Although petitioners have referred to various purported charities and note that the record contains checks drawn on the checking account of Re-Cap Trust, we are unable to reconcile our total of the checks payable to those referenced "charities" to the $21,439 claimed by petitioners.

OPINION

1. <u>Charitable Contributions</u>

Respondent argues that petitioners may not deduct any charitable contribution of $250 or more in that petitioners do not have the requisite written acknowledgment for any of these amounts. (Respondent has conceded that petitioners may deduct all other charitable contributions claimed as such.) Petitioners in their brief make no mention of the written acknowledgment requirement but argue that Hill's testimony coupled with canceled checks in evidence entitles them to deduct all of the claimed contributions in dispute. Petitioners' counsel conceded at trial that petitioners bear the burden of proof as to this issue.

We agree with respondent that the disputed amounts are not deductible given the absence of a written acknowledgment. Under section 170(f)(8)(A), an individual taxpayer may deduct a contribution of $250 or more only if he or she substantiates the deduction with a contemporaneous written acknowledgment by the donee that meets the requirements of that section. <u>Addis v. Commissioner</u>, 118 T.C. 528, 533-534 (2002); <u>Berry v. Commissioner</u>, T.C. Memo. 2003-331; <u>Stussy v. Commissioner</u>, T.C. Memo. 2003-232; see also <u>Weyts v. Commissioner</u>, T.C. Memo. 2003-68 (discussion of legislative history underlying the enactment of section 170(f)). That acknowledgment, which must be furnished by the donee organization, must state the amount of

cash and describe other property contributed, indicate whether the donee organization provided any goods or services in consideration for the contribution, and provide a description and good faith estimate of the value of any goods or services provided by the donee organization. Sec. 170(f)(8)(B); sec. 1.170A-13(f)(2), Income Tax Regs. Given that petitioners do not have such a written acknowledgment from any of the recipients of the disputed amounts, and have not established any exception to this written acknowledgment requirement, see, e.g., sec. 170(f)(8)(D), we conclude that petitioners are precluded by the statute from deducting the disputed amounts as charitable contributions.

2. Accuracy-Related Penalty

Respondent also determined that petitioners are liable for the accuracy-related penalty under section 6662(a). In relevant part, section 6662(a) and (b) imposes an accuracy-related penalty if any portion of an underpayment is attributable to negligence or a substantial understatement of income tax. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, any failure to keep adequate books and records, and any failure to substantiate items properly. Sec. 1.6662-3(b), Income Tax Regs. An understatement of income tax is substantial if it exceeds 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1).

Respondent bears the burden of production under section 7491(c) and must come forward with sufficient evidence indicating that it is appropriate to impose an accuracy-related penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once respondent has met this burden, the taxpayer must come forward with persuasive evidence that the accuracy-related penalty does not apply. Id. The taxpayer may establish, for example, that part or all of the accuracy-related penalty is inapplicable because it is attributable to an understatement for which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Whether a taxpayer acted as such is a factual determination, sec. 1.6664-4(b)(1), Income Tax Regs., for which the taxpayer's effort to assess the proper tax liability is a very important consideration.

Here, petitioners concede that respondent has met his burden of production in that the parties agree that the understatement on petitioners' return is "substantial" within the meaning of section 6662(d)(1). Petitioners argue that they acted reasonably as to the subject matter of the deficiency in that, they assert, Hill relied reasonably upon his tax preparer to prepare petitioners' 1999 tax return correctly. Although reliance on the advice of a professional as to the tax treatment of an item may sometimes be enough to escape the imposition of a section 6662(a) accuracy-related penalty, see United States v. Boyle, 469 U.S.

241 (1985); sec. 1.6664-4(b), Income Tax Regs., individual taxpayers relying upon this exception must prove by a preponderance of evidence: (1) The adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment, Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002); Ellwest Stereo Theatres, Inc. v. Commissioner, T.C. Memo. 1995-610; see also Rule 142(a)(1). On the basis of the credible evidence in the record, which we do not find includes the testimony of Hill, we are unable to conclude that each of these requirements has been met. To say the least, Hill is a college-educated individual who for many years has known about his obligation to pay Federal income taxes on the income generated from his services, yet neither he nor his wife ever consulted a competent professional concerning the Federal income tax consequences of Re-Cap Trust, which, according to their reporting position, now conceded by them to be wrong, allowed them to deduct otherwise nondeductible personal expenses and ultimately pay only $1,279 of income taxes ($1,024 + $255) on $332,085 of personal service income ($332,520 - $435). We sustain respondent's determination as to the accuracy-related penalty.

---

All arguments made by the parties have been considered, and those arguments not discussed herein have been found to be without merit.  To reflect respondent's concessions,

<u>Decision will be entered under Rule 155</u>.