T.C. Memo. 2000-27

UNITED STATES TAX COURT

EMMANUEL I. NWACHUKWU, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6797-98.                    Filed January 21, 2000.

Emmanuel I. Nwachukwu, pro se.

Wendy Abkin, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, Judge:  Respondent determined a deficiency of $9,421
and an accuracy-related penalty of $1,763 for petitioner's 1995
taxable year.

After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to claim his son, Bradley C. Njoku (Bradley), as a dependent. We hold he is not. (2) Whether petitioner has established entitlement to deductions claimed for medical expenses claimed on his return. We hold he has, to the extent set out below. (3) Whether petitioner is entitled to claim a credit for child care expenses. We hold he may, to the extent set out below. (4) Whether petitioner is entitled to deduct expenses he claimed were incurred in searching for a job. We hold he is not. (5) Whether petitioner is liable for the section 6662(a) accuracy-related penalty for the underpayment of income tax attributable to negligence or disregard of rules or regulations.[2] We hold he is.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

---

[1]Initially, respondent disallowed the dependency exemptions claimed by petitioner for his son and daughter for the year at issue. Respondent also determined that petitioner had unreported income of $24,583 and that petitioner was not entitled to head-of-household filing status. At trial, respondent conceded the unreported income issue, and that petitioner was entitled to head of household filing status and one dependency exemption for his daughter, Michelle.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar, unless otherwise indicated.

The stipulated facts and the accompanying exhibits are incorporated into our findings by this reference. At the time the petition in this case was filed, petitioner resided in San Leandro, California.

Petitioner has a college degree in finance and was employed as a tax auditor by the State Board of Equalization of California during the year at issue.

Petitioner claimed a dependency exemption deduction for two children--his son, Bradley, and daughter, Michelle. Bradley lived with petitioner until sometime in June, after which time he lived with his mother in Texas. After Bradley went to live with his mother, petitioner did not provide any financial support for the child.

On his return, petitioner reported that he paid $5,760 for medical expenses and $4,800 for child care for his two children. Respondent disallowed these deductions for lack of substantiation of the amounts claimed and because petitioner did not establish that he had two dependent children.

As a result of an investigation, petitioner was terminated from his job at the State Board of Equalization sometime during May of 1995. Upon termination, petitioner's briefcase was taken from him for a while, and he was not allowed back inside the building.

After losing his position at the State Board of

Equalization, petitioner went to Nigeria for 1 month, during which time he visited relatives and attended one job interview arranged by his cousin. Because petitioner did not take any business attire with him to Nigeria, after his arrival, petitioner bought a new suit, shirt, and shoes for the interview. Petitioner deducted the cost of the trip to Nigeria, including the cost of the new clothes, as a job-search expense. Petitioner also deducted the costs of trips to Los Angeles and Texas as job-search expenses. Petitioner was not able to find another job, and he collected unemployment insurance for the remaining portion of 1995.

                              OPINION

    Respondent determined that petitioner was not entitled to the deductions he claimed on his return because petitioner did not provide any substantiation for the amounts reported. Petitioner has no receipts, canceled checks, or other records to substantiate his claimed deductions; however, he did proffer a reconstruction of the expenses, which he prepared for trial, that he asserts supports his claims.

    We begin by noting that, as a general rule, respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise. See Rule 142(a); Welch v.

Helvering, 290 U.S. 111, 115 (1933).[3]  Taxpayers do not have an inherent right to take tax deductions.  Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any deduction claimed.  See Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This includes the burden of substantiating the amount and purpose of the item claimed.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

If a taxpayer has established that deductible expenses were incurred but has not established the amount of such expenses, we may estimate the amount allowable, bearing heavily if we so choose upon the taxpayer whose inexactitude is of his own making.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, there must be evidence in the record that provides a rational basis for our estimate.  See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Issue 1.  Personal Exemption

Petitioner claimed a dependency exemption for his son, Bradley, on his 1995 Federal income tax return.  Respondent

---

[3]On his pretrial memorandum, petitioner referenced the Taxpayer Bill of Rights as applying in this case.  However, the burden of proof provisions of sec. 7491 do not apply here because the examination in this case began prior to July 22, 1998.  See IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 726.

determined that petitioner is not entitled to the dependency exemption for Bradley because petitioner has not substantiated that he had custody of the child for the greater portion of the year in issue.

Section 151(a) and (c) allows a deduction for a dependent as defined in section 152. A son or a daughter of the taxpayer, over half of whose support during the calendar year is provided for by the taxpayer, is a dependent. See sec. 152(a). However, section 152(e)(1) further provides that if a child receives over half of his support during the calendar year from his parents who live apart at all times during the last 6 months of the calendar year, and if the child is in the custody of one or both of his parents for more than one-half of the calendar year, then the child is treated as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year. The regulations provide that "In the event of so-called 'split' custody, or if neither a decree or agreement establishes * * * custody, * * * 'custody' will be deemed to be with the parent who * * * has the physical custody of the child for the greater portion of the calendar year." Sec. 1.152-4(b), Income Tax Regs.

During the year at issue, petitioner and the mother of Bradley did not reside together. However, petitioner has not established that he alone, or that he and the mother of Bradley

together, provided over half of the support the child received during the calendar year. Furthermore, although petitioner reported on his return that Bradley lived with him for all 12 months of 1995, it is clear from the record that Bradley's mother had custody of the child for the majority of the calendar year. Therefore, we hold that petitioner is not entitled to a dependency deduction for Bradley for the year at issue.

Issue 2. Medical Expense Deduction

On a Schedule A, Itemized Deductions, attached to his return, petitioner claimed medical expenses of $5,760. After accounting for the section 213(a) limitation, petitioner claimed a medical expense deduction of $3,865 for 1995. In the notice of deficiency, respondent disallowed the deduction because petitioner did not establish that the amounts were paid or incurred during the year at issue.

At trial, petitioner testified that his daughter, Michelle, had asthma and that he paid for two medical devices used to help her condition, in addition to prescription drugs, medical insurance, and the required copayments for doctors' services.

Section 213 allows a deduction for expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent, to the extent that such expenses exceed 7.5 percent of the adjusted gross income. The taxpayer must substantiate any deductions

claimed under section 213 by furnishing the name and address of each person to whom payment for medical expenses was made and the amount and date for each payment. See sec. 1.213-1(h), Income Tax Regs. Moreover, the taxpayer must be prepared to substantiate any claimed deductions by furnishing statements or itemized invoices from the individual or entity to which payment for medical expenses was made. These statements or invoices should indicate the nature of the services rendered, and to or for whom rendered. See id.

At trial, petitioner testified that he could not remember the name or the cost of the medical devices. Furthermore, petitioner testified that the more expensive of the two devices may have cost as much as $500; however, in his reconstruction of costs, petitioner represented that the combined cost of the two devices was $2,712. Clearly, if the more expensive device was $500, the total cost of both devices must be substantially less than the amount petitioner represented he paid in his reconstruction.

Petitioner had no receipt or other evidence to substantiate the date of purchase or cost of either device. He testified that he had no receipt for the more expensive device because it was actually purchased by someone else who was able to buy it at a discount. Petitioner did not call that person as a witness to testify as to the details of the transaction. We cannot assume

the testimony of absent witnesses would have been favorable to petitioner. Rather, the normal inference is that it would have been unfavorable. See <u>Pollack v. Commissioner</u>, 47 T.C. 92, 108 (1966), affd. 392 F.2d 409 (5th Cir. 1968); <u>Wichita Terminal Elevator Co. v. Commissioner</u>, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Under these circumstances, we cannot find that petitioner expended the claimed amounts for medical devices during the year at issue.

In his reconstruction of costs, petitioner represented that he paid $2,300 for prescription medicine during 1995. Although this amount is substantial, and although petitioner testified at trial that his daughter continued to suffer from asthma, petitioner could not remember the names of the drugs that his daughter was prescribed.

The only credible evidence petitioner produced at trial to substantiate his claim that he paid for medical care was a computer printout of his financial history from the clinic where he took Michelle for treatment. The printout has columns for the date, patient's name, payment history, diagnosis, and cost of the service.

Petitioner testified that he began taking Michelle to the clinic in early 1995; however, the printout shows that as of August 4, 1995, Michelle was a new patient with no previous history. The printout also shows that, except for $12 paid by

petitioner, insurance paid for the cost of the medical care provided by the clinic during 1995.

The printout is corroborating evidence that petitioner had medical insurance and that he incurred some expense for medical care during the year at issue. Accordingly, on the basis of the record presented, and using our best estimate, we find that petitioner is entitled to claim medical expenses of $592. See Cohan v. Commissioner, supra. This expense is allowable as a deduction to the extent that it exceeds 7.5 percent of petitioner's adjusted gross income.

Issue 3. Child Care Expenses

Pursuant to section 21, petitioner reported child and dependent care expenses of $4,800 for two children, and claimed a credit of $1,056. Respondent disallowed the credit because petitioner did not substantiate that the amounts were paid or that petitioner had qualifying children.

Section 21(a) generally provides an allowance for a credit against the tax to any individual taxpayer who maintains a household that includes as a member one or more qualifying individuals and who incurs employment-related expense. See Turay v. Commissioner, T.C. Memo. 1999-315; Hopkins v. Commissioner, T.C. Memo. 1992-326. The term "qualifying individual", under section 21(b), includes a dependent of the taxpayer under the age of 13 with respect to whom the taxpayer is entitled to a

dependency exemption deduction under section 151(c).  The allowable credit, under section 21(b)(2), generally is based upon employment-related expenses that are incurred to enable the taxpayer to be gainfully employed, including expenses incurred for the care of a qualifying individual.  Other provisions and conditions of the credit are not pertinent here.

We have concluded that petitioner is not entitled to a dependency exemption deduction pursuant to section 151(c) for Bradley; therefore, Bradley is not a qualifying individual. Respondent has conceded that Michelle is a qualifying individual; however, respondent has determined that petitioner is not entitled to the credit because he has not substantiated that he paid the amounts claimed for child care.

On his return, petitioner reported that he paid child care to one child care facility, Crib to Crayon, and to two individuals who occasionally babysat his child.  Petitioner produced no canceled checks, receipts, or other records to substantiate his claimed expense.  At trial, petitioner estimated that during the year at issue he paid $375 per month for child care for Michelle.

We think it unlikely that petitioner could have held a job from January until some time in May without incurring some expense for the care of his daughter.  Petitioner, however, was not employed after May 1995; the Court cannot conclude that child

care expenses were incurred while petitioner was not employed. See Collins v. Commissioner, T.C. Memo. 1997-129.

Accordingly, we find that petitioner expended $1,500 for child care during 1995. See Cohan v. Commissioner, supra. The amount of the section 21 credit allowable for this expense must be determined by the parties in their Rule 155 calculations.

Issue 4. Job-Search Expenses

Petitioner claimed a Schedule A deduction for job-search expenses of $5,570. Petitioner testified that he searched in Nigeria, Los Angeles, and Texas for a job in either banking or accounting.

Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Such deductible expenses include those incurred in searching for new employment in the employee's same trade or business. See Cremona v. Commissioner, 58 T.C. 219 (1972); Primuth v. Commissioner, 54 T.C. 374 (1970). Petitioner bears the burden of proving that the expenses were of a business nature rather than personal and that the expenses were ordinary and necessary. See Rule 142(a); Welch v. Helvering, supra.

With respect to petitioner's 1-month trip to Nigeria, petitioner did not present any documentation or detailed testimony concerning the specific job-search activities in which

he engaged during his trip. Although we believe that petitioner did engage in some job-search activities, there were personal reasons for him to be in Nigeria. The record shows that, except for one interview and the delivery of one resume, petitioner spent the month visiting his cousin. Furthermore, the fact that petitioner went to Nigeria without the business attire he required for a job interview and without first speaking personally with the prospective employer, leads us to believe that the purpose of the trip was not to search for a job. These facts, together with the fact that the time spent on job-search activities was minimal, support a conclusion that the portion of the expenses that could be allocated to any job-search activities would be minimal at best. Accordingly, petitioner is not entitled to a deduction for expenses associated with this trip.

With respect to petitioner's claims for the expenses of the job searches in Los Angeles and Texas, petitioner did not have any records, receipts, canceled checks, or any other documentation to substantiate the expenditures. Nor could he remember whether certain amounts he listed in his reconstruction were expended during his trip to Los Angeles or during his trip to Texas. Moreover, petitioner was unable to provide any details of where he stayed or the name of the firms with which he interviewed. Finally, petitioner claimed he expended $2,346 on miscellaneous items related to his job search; however, he could

not remember what these items were.

On the basis of these facts, we find that petitioner has not met his burden of proving that he expended the amount he claimed as a job-search expense. Respondent is sustained on this issue.

Issue 5. Accuracy-Related Penalty

Finally, we must decide whether petitioner is liable for the accuracy-related penalty under section 6662(a). Section 6662 imposes a penalty equal to 20 percent of the portion of the underpayment that is attributable to negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1).

For purposes of this section, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, a failure to exercise ordinary and reasonable care in the preparation of a tax return, and a failure to keep adequate books and records or to substantiate items properly. See sec. 1.6662-3(b)(1), Income Tax Regs. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard of the rules or regulations. See sec. 6662(c).

Just as with respondent's deficiency determination, his

determination of negligence or intentional disregard of rules or regulations is presumptively correct with the burden of proof to the contrary on petitioner. See Neely v. Commissioner, supra. Petitioner bears the burden of proving that respondent's determinations are erroneous. See Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982).

Petitioner claimed numerous deductions, which, for the most part, were contrary to the regulations or were without substantiation. Furthermore, petitioner's story of why he has no records or other documentation to substantiate the claimed deductions is not credible.

For instance, petitioner testified that he was preparing his tax returns while at work for the State of California Board of Equalization, and the records substantiating his medical and job-search expenses were in his briefcase that was confiscated when he was terminated from employment. To the extent that any medical and job-search expenses may have been incurred, they would have been incurred after May, and the records would not have existed at the time the briefcase was confiscated. Furthermore, even if other records had been in the briefcase, they were not permanently unavailable to petitioner as he testified that the briefcase was later returned to him. Finally, we question petitioner's story that he was preparing his tax returns for 1995 in May of that year.

Petitioner was employed as a tax auditor for the State of California and had a college degree in finance.  Therefore, petitioner is aware, or should be aware, of the importance of maintaining adequate records and documenting expenditures.

Considering all the facts, we find petitioner was negligent and disregarded rules and regulations in preparing his 1995 return.  Thus, we sustain respondent's determination that petitioner is liable for the accuracy-related penalty on the amount of the underpayment for 1995.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.