T.C. Summary Opinion 2008-15

UNITED STATES TAX COURT

THEODORE L. SIZELOVE, SR. AND ELAINE J. SIZELOVE, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21996-06S.              Filed February 11, 2008.

Theodore L. Sizelove, Sr., and Elaine J. Sizelove, pro sese.

Kelley A. Blaine, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $1,813 deficiency in petitioners' 2004 Federal income tax. The issues for decision are whether petitioners are entitled to claim: (1) A bad debt deduction for a "loan" they provided to their son; (2) a deduction for medical and dental expenses; (3) a deduction for the business use of their home that is attributable to the operation of a nonprofit activity; and (4) a miscellaneous itemized deduction for vehicle expenses incurred in the operation of a nonprofit activity and in Mr. Sizelove's employment.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioners resided in California.

On their timely filed 2004 joint Form 1040, U.S. Individual Income Tax Return, petitioners claimed a $10,000 bad debt deduction for a "loan" made to their son and his new wife during 2004 and an $8,460.38 deduction for medical and dental expenses (before application of the 7.5-percent floor). Petitioners substantiated $2,551 in medical expenses, consisting of payments to Medicare and their health insurance provider, Teamsters Benefit Trust.

During 2004, Mr. Sizelove was employed as a liquor store clerk and served as the president of a nonprofit social organization from which he derived no salary. Petitioners claimed a $1,200 deduction (based on $100 per month) for the business use of their home. Mr. Sizelove used a second bedroom as a home office for the club and to store its artifacts and records.

Additionally, petitioners claimed a $4,441.15 deduction for vehicle expenses attributable to the club and Mr. Sizelove's employment with the liquor store. The $4,441.15 figure consists of $2,619.43 in actual vehicle expenses based on a 38-percent "percentage of business use" and a $1,821.72 depreciation deduction. The $2,619.43 in actual vehicle expenses includes 38 percent of the $2,099.24 claimed as expenditures for gas, repairs, and insurance[1] plus $1,821.72 in depreciation. Petitioners claimed the same depreciation deduction twice.

---

[1] Petitioners listed the following expenditures on an attachment to their Form 2106, Employee Business Expenses:

| | |
|---|---|
| Gas $75 per month x 12 | $900.00 |
| Repairs per year | 587.24 |
| Insurance per year | 612.00 |
| Total | 2,099.24 |

## Discussion

### 1. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect a taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue." Sec. 7491(a)(1). The burden will shift only if the taxpayer has complied with the substantiation requirements and has cooperated with the Commissioner's reasonable requests for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). And the taxpayer must keep records sufficient to establish the amount of the items required to be shown on his Federal income tax return. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Petitioners have not alleged or proven that section 7491(a) applies; accordingly, the burden remains on petitioners to show that they are entitled to the deductions. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992) (stating that deductions are strictly a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to claim the deduction).

## 2. Bad Debt Deduction

Section 166 allows an individual a deduction from ordinary income for any business debt that becomes wholly or partially worthless during the taxable year.  See sec. 166(a), (d)(1)(A). To deduct a business bad debt, the taxpayer must establish, among other requirements, that he was engaged in a trade or business, and the acquisition or worthlessness of the debt was proximately related to the conduct of the trade or business.  United States v. Generes, 405 U.S. 93 (1972); sec. 1.166-5(b)(2), Income Tax Regs.  For a debt to be considered a business debt, it must have a proximate relation to the taxpayer's trade or business.  United States v. Generes, supra at 96.  In determining whether a proximate relationship exists, the proper measure is the taxpayer's dominant motivation for incurring the debt.  Id. at 103.

The term "nonbusiness debt" is defined as a debt other than a debt created or acquired in connection with the taxpayer's trade or business or a loss from the worthlessness of a debt that is incurred in the taxpayer's trade or business.  See sec. 166(d)(2).  The loss from a nonbusiness bad debt that becomes wholly worthless within the year is treated as a loss arising from the sale or exchange of a capital asset held for less than 1 year and is deductible subject to certain limitations.  See sec. 166(d)(1); sec. 1.166-5(a)(2), Income Tax Regs.

Only a bona fide debt qualifies for the bad debt deduction. Sec. 1.166-1(c), Income Tax Regs. A bona fide debt is one that arises from a debtor-creditor relationship based upon a valid, enforceable obligation to pay a fixed or determinable sum of money. Id.; see also Estate of Van Anda v. Commissioner, 12 T.C. 1158, 1162 (1949), affd. 192 F.2d 391 (2d Cir. 1951). Factors indicative of a bona fide debt include whether: (1) Evidence of indebtedness exists; i.e., a note; (2) any security is requested; (3) there has been a demand for repayment; (4) the parties' records reflect the transaction as a loan; (5) any payments have been made; and (6) any interest was charged.

A gift is not considered a debt for purposes of section 166. Sec. 1.166-1(c), Income Tax Regs.; see also Calumet Indus., Inc. v. Commissioner, 95 T.C. 257, 285 (1990). Purported "loans" between family members are subject to rigid scrutiny and are presumed to be gifts. Estate of Van Anda v. Commissioner, supra at 1162. The presumption may be rebutted by proving that at the time of the transaction there existed a real expectation of repayment and an intent to enforce collection of the "debt". See id. (and cases cited threat).

In a letter attached to petitioners' joint return, Mr. Sizelove stated that he lent $10,000 to help his son and his new wife, he did not expect to recover this $10,000 "Gift" nor the

$10,000 "Gift" in 2003, and therefore, he was deducting it as a "Non-Recoverable Loan or Bad Debt."

At trial, Mrs. Sizelove testified:  "it wasn't a gift, it was a loan.  And if he ever comes into money, we will get that money back."  She also claimed to have received a promissory note containing provisions for interest and a sum certain; however, the note was not introduced into evidence or shown to respondent before trial.

Petitioners have not proven that the $10,000 "loan" to their son was a bona fide debt.  Petitioners have not shown that the loan was proximately related to the conduct of a trade or business.  Petitioners have not shown that the loan became wholly or partially worthless during the taxable year.  Therefore, respondent's determination denying petitioners' $10,000 deduction for a bad debt is sustained.

3.  Deduction for Medical and Dental Expenses

Petitioners claim to have incurred $8,460.38 in medical and dental expenses in 2004 before subtracting 7.5 percent of their adjusted gross income (AGI).

Respondent concedes that petitioners have substantiated $2,551 in medical and dental expenses.  Respondent contends, however, that petitioners are not entitled to a $2,551 deduction for medical and dental expenses because the amount does not exceed the 7.5-percent floor.

Section 213(a) allows a deduction for medical and dental expenses paid during the year that are not compensated for by insurance or otherwise but only to the extent that the expenses exceed a floor of 7.5 percent of AGI.

To substantiate medical and dental expenses, the taxpayer must furnish the name and address of each payee, the amount, and the date paid. See sec. 1.213-1(h), Income Tax Regs.; see also Davis v. Commissioner, T.C. Memo. 2006-272. If requested by the Commissioner, the taxpayer must furnish an itemized invoice from the payee that identifies the patient, the type of service rendered, the specific purpose of the expense, the amount paid, the date paid, and any other information the Commissioner deems necessary. See sec. 1.213-1(h), Income Tax Regs.; see also Davis v. Commissioner, supra; Cotton v. Commissioner, T.C. Memo. 2000-333.

If a taxpayer establishes that deductible expenses were incurred but has not established the exact amounts, the Court may estimate the amounts allowable in some circumstances (the Cohan rule). See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court can estimate the amount of a deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis for making the estimate. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Where a taxpayer fails to provide adequate evidence of his expenses, the Court may uphold

the Commissioner's determination denying the deduction for medical and dental expenses.  See Davis v. Commissioner, supra (citing Hunter v. Commissioner, T.C. Memo. 2000-249, and Nwachukwu v. Commissioner, T.C. Memo. 2000-27).

Mrs. Sizelove testified that petitioners had other medical and dental expenses, but she did not know why she failed to provide evidence of the expenditures to respondent.  Mrs. Sizelove also testified that they "guesstimated" their medical and dental expenses for the year using recurring expenditures (i.e., amounts of copayments and medical supplies for her diabetic husband).

Petitioners failed to provide any evidence showing that they actually made payments of $5,909.38 for medical and dental expenses in 2004.  See sec. 213(a).  Petitioners also have not provided documentation that satisfies the additional requirements imposed by section 1.213-1(h), Income Tax Regs.  See Davis v. Commissioner, supra; Cotton v. Commissioner, supra.  Finally, petitioners failed to provide sufficient evidence as to their recurring expenditures, i.e., amounts of copayments and supplies, for the Court to make a reasonable estimate.  See Vanicek v. Commissioner, supra.  The Court finds that petitioners have not substantiated the $5,909.38 in medical and dental expenses that respondent has not conceded.

In order to have a deductible amount, petitioners must show medical and dental expenses exceeding $6,191.18 ($82,549 (AGI) x 7.5 percent).[2] The $2,551 in medical and dental expenses that respondent has conceded does not exceed the 7.5-percent floor.

Accordingly respondent's determination denying petitioners' deduction for medical and dental expenses is sustained.

4. Deduction for the Business Use of the Home

Expenses for the business use of a taxpayer's residence are deductible only in very limited circumstances. The taxpayer must show that a portion of the residence was exclusively used on a regular basis as his principal place of business for any trade or business of the taxpayer; and in the case of an employee, the exclusive use must be for the employer's convenience. See sec. 280A(c)(1). If the taxpayer uses the dwelling unit as a residence, the deduction is limited to the excess of the gross income derived from such business use over the sum of certain deductions. Sec. 280A(c)(5).

It is well established that an individual may be in the trade or business of being an employee and that ordinary and necessary expenses incurred in a trade or business are deductible. See sec. 162(a); Primuth v. Commissioner, 54 T.C. 374 (1970); Christensen v. Commissioner, 17 T.C. 1456 (1952).

_____

[2] Petitioners reported AGI of $82,548.94, and respondent rounded it to the nearest dollar; i.e., $82,549.

But it is also well established that a genuine profit motive must exist before an activity constitutes a trade or business.  See Brydia v. Commissioner, 450 F.2d 954 (3d Cir. 1971), affg. per curiam T.C. Memo. 1970-147; Hirsch v. Commissioner, 315 F.2d 731 (9th Cir. 1963), affg. T.C. Memo. 1961-256; Kurkjian v. Commissioner, 65 T.C. 862, 869 (1976).

On an attachment to petitioners' return, Mr. Sizelove stated that he was the president of a nonprofit social organization, he derived no salary from it, and he used a second bedroom as a home office and to store the club's artifacts and records.

Mrs. Sizelove testified that Mr. Sizelove never received compensation from the club.

Mr. Sizelove was not compensated by the club, and petitioners did not establish that he expected to derive a profit in his capacity as the club's president.  Therefore, the Court finds that Mr. Sizelove was not engaged in the trade or business of being an employee of the club.  See Kurkjian v. Commissioner, supra at 869 (stating that when services are rendered gratuitously and are motivated by personal and charitable impulses, the individual is not in the trade or business of being an employee of the charitable organization).  Accordingly, petitioners are not entitled to a deduction for the business use of their home since Mr. Sizelove failed to show that a portion of his residence was exclusively used on a regular basis as his

principal place of business for his trade or business.[3]  See sec. 280A(c)(1)(A).

5.  <u>Vehicle Expenses as Employee Business Expenses</u>

Pursuant to section 274(d), the Court cannot estimate a taxpayer's expenses with respect to certain items.  See <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  Section 274(d) provides that no deduction is allowable with respect to "listed property" unless the taxpayer complies with certain strict substantiation requirements.  The term "listed property" is defined to include passenger automobiles and other property used as a means of transportation.  Sec. 280F(d)(4)(A)(i) and (ii).

In order to substantiate the amount of an automobile expense, the taxpayer must prove the following:  (1) The amount of the expenditure (i.e., cost of maintenance, repairs, or other expenditures); (2) the amount of each business use and the amount of its total use by establishing the amount of its business mileage and total mileage; (3) time (i.e., the date of the expenditure or use); and (4) the business purpose for the expenditure or use.  See sec. 1.274-5T(b)(6)(i) through (iii), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

---

[3]  Even if the Court were to find that Mr. Sizelove's tenure as the club's president constituted a trade or business, the deduction would be limited by sec. 280A(c)(5) to $0.  See <u>Cousino v. Commissioner</u>, T.C. Memo. 1981-19, affd. 679 F.2d 604 (6th Cir. 1982).

The taxpayer may substantiate the amount of mileage by adequate records or sufficient evidence that corroborates his statements. See sec. 274(d).  A record of the mileage made at or near the time of the automobile's use that is supported by documentary evidence has a high degree of credibility not present with a subsequently prepared statement.  See sec. 1.274-5T(c)(1) through (3), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  If the amount is not substantiated by adequate records or sufficient corroborative evidence, then it is disallowed.  Sec. 274(d).

Petitioners did not submit any evidence to substantiate the amounts of the expenditures or business mileage.  At trial, Mrs. Sizelove testified that respondent "brought to my attention that we deducted the depreciation [twice, which Mr. Sizelove guesstimated, and] the only thing I can say is * * * we did everything honest and above-board".

Because the Court has determined that Mr. Sizelove was not an employee of the club, it follows that petitioners are not entitled to a deduction for the portion of the vehicle expenses attributable to the club.  As to the portion of the vehicle expenses related to Mr. Sizelove's employment at the liquor store, petitioners did not provide any evidence that satisfies the strict substantiation requirements of section 274(d), and therefore, they are not entitled to deduct it.  Accordingly,

respondent's determinations denying the deduction for vehicle expenses with respect to both activities are sustained.

6. <u>Charitable Contributions</u>

Although the issue was not raised by the parties, the Court has considered the possibility that the deduction for the business use of petitioners' home and the vehicle expenses attributable to the nonprofit activity might be deductible as charitable contributions.

Taxpayers are allowed a deduction for any "charitable contribution * * * payment of which is made within the taxable year" subject to certain limitations. See sec. 170(a)(1). A charitable contribution includes a contribution or gift to or for the use of an organization described in section 170(c) (a qualified recipient). A deduction for the "contribution" of services is not allowed, but unreimbursed expenditures made incident to the rendition of services, i.e., transportation expenses, may be deductible as a charitable contribution. See sec. 1.170A-1(g), Income Tax Regs.

It is not clear from the record whether the club is a qualified recipient.[4] Assuming that the club is a qualified recipient, the expenditures nevertheless are not deductible as a charitable contribution. Petitioners cannot deduct the $100 per

---

[4] Respondent represents that the "activity appears to involve holding fundraisers for college-bound youth."

month for the portion of the rent attributable to the second bedroom since the "contribution" consists of less than petitioners' entire interest in the property.  See sec. 170(f)(3); sec. 1.170A-7(a)(1), Income Tax Regs.; Logan v. Commissioner, T.C. Memo. 1994-445 (classifying the donee's "rent-free" use of the taxpayer's real property (a garage) as a mere right to use property and disallowing a deduction for its fair rental value as a charitable contribution under section 170(f)(3)).  Petitioners cannot deduct as a charitable contribution the expenses for utilities connected with their residence that are attributable to the club since the expenditures were not properly substantiated.[5]  See sec. 6001; sec. 1.170A-13(b), Income Tax Regs.; cf. Stussy v. Commissioner, T.C. Memo. 2003-232.  Petitioners cannot deduct the portion of the $75 per month for the gas connected with Mr. Sizelove's vehicle that is attributable to the nonprofit activity as a charitable contribution because the expenditures were not substantiated.  See sec. 6001; sec. 1.170A-13(b), Income Tax Regs.  The portion of the vehicle expenses attributable to the nonprofit activity for depreciation, repairs, and auto insurance is not deductible as a charitable contribution.  See Orr v.

---

[5]  On the attachment to their return, Mr. Sizelove stated that the $100 per month included utilities.  No documentation was provided to substantiate the amounts actually expended for utilities.

United States, 343 F.2d 553 (5th Cir. 1965) (disallowing deductions for depreciation as charitable contributions since depreciation does not constitute a payment, for repairs on account of the failure to show that the charitable use of the vehicle caused the repairs and it was used for both charitable and other purposes, and for insurance premiums since the taxpayer failed to show that the donee was the sole beneficiary of the policy).  Petitioners may not otherwise claim a deduction for mileage under section 170(i) since there is no evidence as to the amount of the mileage they accumulated in their charitable endeavors.

    To reflect the foregoing,

                            Decision will be entered for

                            respondent.