T.C. Summary Opinion 2010-82

UNITED STATES TAX COURT

NATARAJAN PALANIAPPAN AND S. DANDAMUDI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24802-08S.            Filed June 23, 2010.

Natarajan Palaniappan and S. Dandamudi, pro sese.

<u>Alicia E. Elliott</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue,

and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2005 a deficiency in petitioners' Federal income tax of $3,440, an addition to tax of $847 under section 6651(a)(1) for failure to file timely, and an accuracy-related penalty of $688 under section 6662(a).

Petitioner S. Dandamudi did not sign the stipulation of facts, nor did she appear for trial. Respondent orally moved to dismiss her for failure to properly prosecute her case. An appropriate order granting respondent's motion will be issued.[1] Respondent concedes that petitioners are entitled to a moving expense deduction of $6,144 and a home mortgage interest deduction of $2,839. Petitioner Natarajan Palaniappan (petitioner) concedes that his joint Federal income tax return was not timely filed within the filing period as extended by respondent. Respondent concedes that petitioners are not liable for the accuracy-related penalty under section 6662(a). The items remaining for decision are whether petitioners: (1) Are entitled to itemized deductions in an amount in excess of the standard deduction, and (2) failed to file timely due to reasonable cause and not due to willful neglect.

---

[1]The Court will dismiss S. Dandamudi for failure to properly prosecute and will enter a decision against her consistent with the decision entered against Natarajan Palaniappan.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioner resided in Alaska[2] when the petition was filed.

Petitioner was employed as a finance director during the year at issue, and Ms. Dandamudi was not employed outside of the home. Among the items claimed on petitioners' Schedule A, Itemized Deductions, were medical and dental expenses of $14,859 in excess of the 7.5-percent floor and home mortgage interest of $11,501[3] that included $8,651 paid to a Mr. Chandrasekhar in India. Respondent disallowed both itemized deductions in their entirety.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner

---

[2]Petitioner filed an amended return while residing in Arizona.

[3]The Schedule A lists home mortgage interest reported on Form 1098, Mortgage Interest Statement, of $3,030 and $8,651 paid to Mr. Chandrasekhar, a total of $11,681. There is no explanation for the discrepancy.

did not argue or present evidence that he satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

Medical Expenses

Under section 213, individuals are allowed to deduct the expenses paid for the "medical care" of the taxpayer, the taxpayer's spouse, or a dependent, to the extent the expenses exceed 7.5 percent of adjusted gross income and are not compensated for by insurance or otherwise.

The term "medical care" includes amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for insurance covering the diagnosis, cure, mitigation, treatment, or prevention of disease. Sec. 213(d)(1).

A taxpayer must substantiate claims for deductible medical expenses by furnishing "the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment". Sec. 1.213-1(h), Income Tax Regs. When the Commissioner so requests, claims must be substantiated by a statement or invoice from the service provider showing the service provided, to or for whom rendered, and the amount and date of payment. Id. Where a taxpayer fails to provide adequate substantiation, the Court may uphold the Commissioner's determination denying a deduction for medical and dental expenses. See Davis v. Commissioner, T.C. Memo. 2006-272; Hunter

v. Commissioner, T.C. Memo. 2000-249; Nwachukwu v. Commissioner, T.C. Memo. 2000-27.

Petitioner offered as evidence of medical expenses a handwritten list prepared by Ms. Dandamudi for each month of 2005 showing items of the most general description. Some of the entries included: Medical test, hospital room, hospital tips, home health, medicine, injection, dental, lab test, and similar items. Beside each item is an amount in Indian rupees. Petitioner also presented a faxed copy of a January 2010 computer printed letter purporting to be from Ms. Dandamudi's attending physician in India. In the letter the doctor gives a general description of Ms. Dandamudi's medical condition in 2005 and an overall estimate of what she must have paid in 2005 for treatment from himself, a private duty nurse and home healthcare service, acute care, rehabilitation, diagnostic imaging, lab work, medicines, and the services of several other attending physicians. The letter represents that everything was paid for in cash for which no records were retained. The overall cost estimate is alleged to be based on his "decades of experience" in diagnosing her illness.

Petitioner was unable to produce a single receipt, statement, invoice, canceled check, or other item of documentary evidence for the payment of any medical expense. Aside from the hospital and physician's name on the letter offered by

petitioner, the name of no service provider, pharmacy, laboratory, or hospital was provided.

Because petitioners have failed to provide any proper substantiation to support their claimed deduction for medical and dental expenses, the Court finds that no estimate of any amounts of petitioners' deduction can be made under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

The Court sustains respondent's disallowance of petitioners' claimed deduction for medical and dental expenses. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Home Mortgage Interest

Section 163(a) allows a deduction for interest paid or accrued within the taxable year on indebtedness. Individuals are allowed a deduction for "qualified residence interest". Sec. 163(h)(3). Qualified residence interest includes interest paid on indebtedness incurred to acquire a qualified residence of the taxpayer that is secured by the qualified residence, or on "home equity indebtedness", certain indebtedness secured by a qualified residence. Id. Debt is secured by a qualified residence if

there is an instrument that in the event of default subjects the residence to satisfaction of the debt in the same way as would a mortgage or deed of trust.  Sec. 1.163-10T(o)(1), Temporary Income Tax Regs., 52 Fed. Reg. 48417 (Dec. 22, 1987).

Home equity indebtedness is limited in amount to the fair market value of the qualified residence reduced by any "acquisition indebtedness" and may not exceed $100,000.  Sec. 163(h)(3)(C).  Respondent argues that petitioners have failed to provide adequate substantiation for their claimed home mortgage interest deduction.

Petitioner attempted to prove his claim with a copy of a document purporting to be a promissory note in favor of I.K. Chandrasekhar for 45 lakhs[4] of Indian rupees with an attached payment schedule.  By the terms of the note, principal and interest are guaranteed by petitioner's father.  Petitioner also produced a copy of a letter ostensibly from Mr. Chandrasekhar's India-based attorney stating that "Mr. Palaniappian Natarajan has met his [sic] all his obligations Principal and Interest per Mortgage Amortization Schedule attached to the Loan Document for all these years."

Petitioner produced no evidence of the fair market value of his house or the amount, if any, of acquisition indebtedness to

---

[4]A lakh is equal to 100,000.  Webster's 10th New Collegiate Dictionary (1996).

which it may be subject. Petitioner produced no evidence of the actual payment of any interest on the note. No notice of a security interest was filed in the United States with respect to the loan to petitioner by Mr. Chandrasekhar. Because the loan from Mr. Chandrasekhar was not a debt secured by an instrument that in the event of default subjected the property to satisfaction of the debt in the same way as would a mortgage or deed of trust, it was not a debt secured by a qualified residence. Therefore, the debt was not acquisition or home equity indebtedness for which petitioner may deduct interest. Respondent's determination that petitioners are not entitled to deduct home mortgage interest with respect to the loan from Mr. Chandrasekhar is sustained.

Addition to Tax Under Section 6651(a)(1)

Respondent bears the burden of production with respect to the addition to tax. See sec. 7491(c). To meet this burden, respondent must produce evidence sufficient to establish that it is appropriate to impose the addition to tax. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Petitioner agrees that petitioners requested and were granted an extension of time to file their 2005 Federal income tax return until October 15, 2006. Petitioner agrees that petitioners failed to file their Federal income tax return until February 20, 2007. Respondent has met his burden of production under section 7491(c) with

respect to imposing the addition to tax under section 6651(a)(1).

It is petitioners' burden to prove that they had reasonable cause and lacked willful neglect in not filing the return timely. See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Higbee v. Commissioner</u>, <u>supra</u> at 446; sec. 301.6651-1(a)(2), Proced. & Admin. Regs.  Because petitioners failed to offer any evidence of reasonable cause and lack of willful neglect for their failure to file timely, respondent's determination that they are liable for the addition to tax under section 6651(a)(1) is sustained.

To reflect the foregoing,

> <u>An appropriate order</u>
> <u>will be issued, and decision</u>
> <u>will be entered under</u>
> <u>Rule 155</u>.